No. 765        August 12, 2026        195

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AVERY JEROME BOYLE, JR.,
*Defendant-Appellant.*

Lane County Circuit Court
22CR42369; A183992

Stephen W. Morgan, Judge.

Argued and submitted January 7, 2026.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

A jury convicted defendant of a number of offenses, including assault, arson, and reckless endangerment, based on evidence that he intentionally started a fire at an apartment building that injured one person and required several others to escape. In eight assignments of error, only the first of which is preserved, defendant argues that he is entitled to a new trial because the prosecutor's closing and rebuttal arguments deprived him of a fair trial. We conclude that the trial court did not err in overruling defendant's objection to one of the prosecutor's arguments and that none of the prosecutor's other arguments, challenged on appeal for the first time, were so plainly impermissible as to have denied defendant a fair trial. Accordingly, we affirm.

We briefly summarize the evidence only as necessary to explain our conclusion. The state presented evidence in support of its case that defendant started the fire at issue, including evidence of defendant's behavior before the fire, evidence placing him at the fire's location, laboratory testing identifying a substance on defendant's shoes that was consistent with lighter fluid found at the scene, and defendant's affirmative response when a detective confronted him with evidence linking him to the fire. The defense theory at trial was to suggest that another person, Church, had started the fire, based on circumstantial evidence placing that person at the scene the night before the fire and a few hours after the fire and suggesting a possible motive for starting it.

In closing argument, the prosecutor focused on how the evidence, including multiple witnesses, physical evidence, and defendant's own statements, consistently showed that defendant had started the fire, while defense counsel focused on casting aspersions on Church and establishing a motive for Church to burn down the apartment building. In rebuttal, the prosecutor renewed his attack on defendant's theory, asserting that defendant's theory was weaker than the strong evidence of his guilt, and urging the jury to make its decision based on the evidence, not how defense counsel had characterized the evidence in closing.

In his only preserved assignment of error, defendant claims that the prosecutor misstated the factual record

during rebuttal closing argument by saying there was no evidence that Church threatened to burn down the building and that the trial court abused its discretion by overruling his objection to that argument. We disagree; the trial court did not err by rejecting defendant's challenge.

The trial court did not abuse its discretion by overruling defendant's objection because there was no substantive evidence that Church threatened to burn down the building. First, the prosecutor's comment that defense counsel repeatedly asked witnesses whether Church had made such threats and all of them answered negatively accurately states the record. LS, MV, and Detective White all testified that they had not heard Church make any such threats. Second, the testimony that defendant points to as establishing the "fact" of the threat is not substantive evidence that Church ever made such a threat, but rather is evidence of a prior inconsistent statement that might cast doubt on MV's credibility but is not admissible for the truth of the matter asserted. In other words, MV's acknowledgment that a police report indicated that he had told officers that Church made a threat is not evidence that Church made that threat—it can only be considered for impeachment of MV's testimony. None of the other evidence defendant points to renders the prosecutor's comment improper. The trial court did not err.

As for the various other aspects of the prosecutor's arguments that defendant challenges for the first time on appeal, none of those arguments were indisputably impermissible. To obtain reversal on plain error review, defendant must show that it is obvious that one or more of the prosecutor's statements would have been understood by the jury in an improper way. *See State v. Perez*, 373 Or 591, 607, 568 P3d 940 (2025); *see also State v. Chitwood*, 370 Or 305, 328, 518 P3d 903 (2022). Defendant has failed to show that any of the statements that he challenges would necessarily have been understood by the jury in an impermissible way. When considered in the context in which they were made, the jury could have understood the prosecutor's closing and rebuttal arguments as advocacy urging the jury to credit the strength of the state's case against defendant and discredit the defense theory that defendant was not guilty because

someone else committed the crime. Because the jury could have understood the challenged comments in that way, none of the statements qualify for plain-error review.

Affirmed.